UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 5:04CR47-V

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| EDWIN WAYNE WIKE, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the defendant's consent, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 21 U.S.C. §853:

**The sum of approximately $38,634 in United States currency seized on or about August 16, 2004, in Caldwell County, North Carolina;**

**Two handguns seized from defendant's vehicle on or about August 16, 2004, in Caldwell County, North Carolina, as follows:**

    **One Taurus T-25 Pistol, SN: DNG4032;**

    **One Smith & Wesson Revolver, SN: J955943; and,**

**Thirteen firearms seized from defendant's residence on or about August 16, 2004, in Caldwell County, North Carolina, as follows:**

    **One Remington 22-250 Pistol, Model 777, SN: C6844173;**

    **One Smith & Wesson .357 Magnum Revolver, SN: ACY4765**

    **One Thompson Center Arms 223 Pistol, SN: NOT ON GUN**

    **One Magnum Research 22-250 Pistol, SN: NOT ON GUN**

    **One Smith & Wesson .357 Magnum Revolver, SN: BVC7226**

    **One Fox Model B-12 Gauge Shotgun, SN: NOT ON GUN**

**One Browning .22 Caliber Rifle, SN: 02804PX126**

**One New England 20-Gauge Single Shot, SN: NB318099**

**One Thompson Center Arms .50 Caliber Muzzle Loader, SN: 1215**

**One Western Arms Ithica 16-Gauge Shotgun, SN: 29684**

**One Browning 12-Gauge Automatic Shotgun, SN: 1974RR151**

**One Browning 300 WIN MAG Bolt Action Rifle, SN: 341837NY757**

**One Remington 870 12-Gauge Pump Shotgun, SN: W051080V**

    2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

    3. upon the seizure of any property in connection with this judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

    4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

    5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

    The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. §853. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

*[signature]*
KEITH M. CAVE
Assistant United States Attorney

*[signature]*
EDWIN WAYNE WIKE
Defendant

*[signature]*
DAVID BRUCE FREEDMAN
Attorney for Defendant

Signed this the 29th day of March, 2006.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

3