IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:04CR47-V

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| EDWIN WAYNE WIKE, | ) |
| Defendant. | ) |
| | ) |

**ORDER DISMISSING PENNY THOMPSON'S THIRD-PARTY PETITION
PURSUANT TO 21 U.S.C.§853(n)**

**THIS MATTER** is before the Court on the Third-Party Petition of Penny Thompson pursuant to 21 U.S.C. §853(n), filed July 17, 2006. (Document #70) The individual petition was submitted by Thompson, acting *pro se*, and pertains to certain items of personal property (*i.e.*, firearms) identified as forfeitable by the U.S. Government and Defendant Wike in the Consent Order and Judgment of Forfeiture issued by this Court on March 30, 2006. (Document #66)

**I. Background**

On March 30, 2006, Edwin Wayne Wike and the United States executed a Consent Judgment of Forfeiture with respect to several items of personal property. (Document #66)

On July 17, 2006, Penny Thompson timely filed a "Petition For Return Of Certain Property" alleging she is the "rightful and lawful owner" of eleven firearms Thompson claimed were seized by the Government. Four of the eleven firearms listed by Petitioner were not mentioned in the Consent Judgment of Forfeiture.

On August 21, 2006, the Government sought leave of the Court to conduct discovery and the request was granted. (Documents ##72, 74)   On July 11, 2008, the Government advised the Court that discovery is complete and this matter is ready to proceed on the merits.  (Document #100)

On August 29, 2008, the Court issued a briefing schedule and set this matter for hearing. (Document #101)  On September 2, 2008, the Government submitted a filing entitled "Request For

1

Clarification Of Status Of Petition In Forfeiture" asking the Court to clarify what Thompson's intentions were in light of an oral statement allegedly made by Penny Thompson to AUSA Tom Ascik in July 2008 indicating that she intended to withdraw her petition. (Document #102) On September 12, 2008, the Government filed its Response to the petition. (Document # 104) The Government's filing explains that it questions the authenticity of the documentation attached to Thompson's petition.[1] Petitioner Thompson, who was due to respond to the Government's filing *on or before Friday, October 3, 2008*, did not respond despite proof of service.[2]

On October 8, 2008, this matter was called for hearing on Thompson's third-party petition but Thompson did not appear despite being noticed of the need for her to be present. The Government provided the Court with additional documentary evidence identified as Government Exhibits X, Y and Z. (Document #107) The Government made an oral motion to dismiss the third-party petition. The Court granted the motion to dismiss, finding that Petitioner Thompson did not meet her burden of establishing by a preponderance of the evidence that she has a legal interest in the property at issue.

## II. Applicable Law

Title 21, United States Code, Section 853(n) governs Thompson's third-party petition and provides that, if the court determines the petitioner has established by a preponderance of the evidence that –

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (B) the petitioner is a bona fide purchaser for value of the right, title, or

---

[1] Thompson attached four receipts to her petition with reference to the firearms identified within the Consent Order and Judgment of Forfeiture as Nos. 5, 7, 8, and 11.

[2] Penny Thompson received service via certified mail, return receipt requested, prior to September 2, 2008. (The return receipt does not indicate the exact date Thompson received the briefing schedule. However, the Statesville Division Clerk's Office received the return receipt on September 2, 2008.)

interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. §853(n)(6)(2008).

Section 853 also requires the Court to "consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture." 21 U.S.C. § 853(n)(5)(2008).

### III. Discussion

In support of her Section 853(n) petition, Thompson presents copies of two undated documents entitled "Bill of Sale Personal Property." (Petition at 4-5) The first such document identifies two firearms (Western Arms 16 Gauge #29684; Remington 22-250 Serial #C6844173) and purports to represent a sale of these weapons from Rick Bumgarner to Penny Thompson. The second document purports to represent a sale of two firearms (Browning 22 Rifle #02804PX126; Browning 300 Bolt #Action 341837NY757) from Mark Ervin to Penny Thompson.[3] Thompson does not present affidavits or declarations from either alleged seller. In sum, not only did Thompson fail to prosecute her third-party petition, but Thompson failed to satisfy the burden under §853(n). Therefore, her petition must be dismissed.

### IV. Order

For the reasons stated herein, as well as those reasons set forth within the Final Order Confirming Forfeiture, Penny Thompson's petition is hereby **DISMISSED**.

Signed: October 27, 2008

Richard L. Voorhees
United States District Judge

---

[3] Both documents purport to show signatures of the respective parties to the transactions. While the undersigned has no formal training or expertise in the area of handwriting analysis, the manuscript writing and signatures all appear to be markedly similar and in the same general style.

3